# YetterColeman LLP

May 6, 2024

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

    Re:    *M.D. ex rel. Stukenberg v. Abbott,* No. 24-40248

Dear Mr. Cayce:

On behalf of the plaintiff class of Texas foster children, we write in response to today's letter from the State regarding its pending stay motion and the temporary administrative stay set to expire on May 9. Plaintiff Children respectfully request that the Clerk's office forward this letter to the merits panel.

The administrative stay should lift, and the stay motion should be denied. This will protect Texas's most vulnerable children from proven dangers they face in State custody. As explained in our response opposing a stay, Dkt. 37, *M.D. ex rel. Stukenberg v. Abbott*, No. 24-40248, the underlying contempt order addresses the State's failure to safeguard developmentally disabled children in the class by timely and effectively investigating allegations of abuse and neglect. This failure was proven by clear and convincing evidence, including from the State's own personnel. In fact, the State put on no evidence to dispute that many of these disabled children languish in unsafe facilities for periods exceeding a year because the State fails to comply with this Court's mandate to investigate allegations while accounting for these children's safety.

The mandate issued nearly five years ago. As of December 2023, when the district court held a three-day contempt hearing, the Health & Human Services Commission (HHSC) never even tried to comply with the affirmed injunctive orders regarding investigations of abuse and neglect as to the relevant population of disabled children. This non-compliance was on full display at the hearing, and it had no excuse for not complying by the time the contempt order issued four months later. The order imposed coercive, civil penalties that can be halted immediately—indeed, avoided altogether—if the State certifies that HHSC is complying with the remedial orders at issue.

The State's appeal is meritless. Ample uncontroverted evidence supports the finding that HHSC failed to comply with the relevant remedial orders, as detailed in 144 pages of the district court's 424-page order. And the fines that the State seeks to stay are not criminal punishment but coercive *civil* penalties under blackletter law. Such fines "exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). The order does not punish the State for past failures, egregious as those were. Nor does it demand perfection in the present—it

YetterColeman LLP

Hon. Lyle W. Cayce — - 2 - — May 6, 2024

stops the fines as soon as the State certifies that its just-closed and ongoing investigations presently "are substantially compliant" with Remedial Orders 3 and 10. Contempt Order 422-23.

Since the State is unlikely to succeed in its appeal, there is no justification for a stay that removes any incentive for HHSC to immediately comply with the affirmed injunction intended to keep children safe. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Regardless, the State faces no irreparable injury. *See id.* Monetary fines can be refunded. *See, e.g.*, *Burgess v. Fed. Deposit Ins. Corp.*, 871 F.3d 297, 304 (5th Cir. 2017). That is reason alone to deny a stay. *See Nken*, 556 U.S. at 434 ("whether the applicant will be irreparably injured" is one of "the most critical" factors). Simply put, fines paid by the State can be undone, while harm caused by the State to children often cannot. *See id.* (other factors are whether "the stay will substantially injury the other parties" and "the public interest").

In violation of their constitutional rights, each day that a stay is in place, disabled children are in danger of serious physical and emotional injury. *See M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 246, 265, 287-88 (5th Cir. 2018); *id.* at 291-92 (Higginbotham, J., concurring); *see also M.D. v. Abbott*, No. 16-40023, 3-5 (5th Cir. Mar. 21, 2016) (attached to Plaintiff Children's stay motion response as Ex. 2).

Because children in the class remain at risk every day that the State refuses to comply with the permanent injunction, we respectfully urge the Court to allow the administrative stay to expire and deny the State's motion.

Respectfully yours,

*[signature]*

R. Paul Yetter

cc: All counsel of record via CM/ECF