# YetterColeman LLP

September 10, 2024

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, Louisiana 70130-3408

Re: *M.D. ex rel. Stukenberg v. Abbott,* No. 24-40248

Dear Mr. Cayce:

On behalf of the appellee class of Texas foster children, we respectfully request that the Clerk's office forward this letter with its attachment to the panel in this case, which was submitted after oral argument on August 5, 2024.

In support of their request for reassignment, appellants cite media reports as authorities reflecting the public's supposed perceptions of the district court's role in enforcing the remedial orders, suggesting that comments by the district court are responsible for negative media coverage of the foster care system rather than appellants' conduct. Their opening brief cites to a 2023 *Texas Tribune* article. *See* Op. Br. 57 & n.15 (May 28, 2024). And in reply, appellants supplemented their argument by citing to a 2024 *Texas Tribune* article, newly published the day before. *See* Reply Br. 23 (July 9, 2024).

Given appellants' reliance on media authorities, we respectfully enclose a copy of a new editorial in the *Dallas Morning News* regarding progress made under the district court's supervision. *See* "Booting tough Texas judge from foster care case would be huge mistake: Texas' foster care system is better because Janis Jack has forced reform.," Dall. Morning News (Sept. 10, 2024), *avail. at* https://www.dallasnews.com/opinion/editorials/2024/09/10/booting-tough-texas-judge-from-foster-care-case-would-be-huge-mistake/.

Respectfully yours,

R. Paul Yetter

Counsel for Plaintiff/Appellee Class

cc: All counsel of record via CM/ECF

# Attachment

# Booting tough Texas judge from foster care case would be huge mistake

**Texas' foster care system is better because Janis Jack has forced reform.**

By *Dallas Morning News* Editorial, Sep 10, 2024

The lawsuit against Texas' foster care system has taken many turns in the 13 years that it has wound through the federal courts. But the decision that now sits before the 5th U.S. Circuit Court of Appeals could be a bombshell.

We are worried that in its eagerness to rid itself of its toughest watchdog, the state's foster care system will derail its tenuous but remarkable progress.

Attorneys for the state are asking the appellate court to toss the latest contempt findings by U.S. District Judge Janis Graham Jack. She decided to fine the state $100,000 a day after federal monitors revealed that the Health and Human Services Commission repeatedly failed to properly investigate claims of abuse involving intellectually disabled children in some group homes. Several children were left in dangerous placements.

In one case, HHSC had a dozen concurrent abuse investigations involving a disabled teenage girl in a Grand Prairie group home. The girl ended up in the hospital with a broken jaw. She had also complained about sexual abuse, and another state agency had separately investigated allegations that one of her caregivers had abused his stepdaughter. HHSC didn't know about this. The man was later charged with a crime.

Judge Jack determined the state violated her orders that require abuse investigations be completed in certain timeframes and children's safety be ensured. But Texas officials say the judge unfairly seized on a few dozen investigations despite hundreds of others in different parts of the foster care system that were conducted correctly.

Is it a matter of the severity of the failures, or the volume?

The more important question is whether Jack should remain on the case. Attorneys representing Texas say that Jack is so passionate she has become an advocate.

Jack is often biting and sarcastic in questioning state officials and attorneys. Her annoyance is human, given frequent obfuscation and meandering answers from the state. At a December hearing, an HHSC higher-up couldn't answer basic questions about investigatory jurisdiction or about a new policy.

Still, Jack is a judge, and she must model best behavior. At another hearing, Jack unwisely threatened to punish state officials by sentencing them to stay in "cheap motels," where they might be "subject to the tasering or the handcuffs," a reference to unlicensed homes and incidents involving foster children.

We wish Jack wouldn't snap at every provocation from Texas. Now state officials are leaning on her frustration to kick her off the case.

That would be a mistake. Texas' foster care system has made huge strides. Investigators' and inspectors' caseloads are more manageable. An overwhelming majority of new caseworkers complete their training. As of July, about 14 children a day were without licensed placement, compared to a peak of 191 three years ago.

And as much as Texas pats itself on the back in court filings, this has all happened because of Jack's unrelenting scrutiny. She keeps track of every detail in this labyrinthine foster care system, and she forces the state to follow through on its commitment to do better by its kids.

Without her drive for accountability, more kids would be in danger.